47 F.3d 1181
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Narciso v. BUMAGAT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3626.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1995.
Rehearing Denied Feb. 17, 1995.
 
 Before CLEVENGER, RADER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Narciso v. Bumagat seeks review of the decision of the Merit Systems Protection Board, Docket No. SE0831940224-I-1, affirming the decision of the Office of Personnel Management (OPM) that Mr. Bumagat failed to establish his eligibility for a civil service retirement annuity. The March 21, 1994 initial decision of the Administrative Judge (AJ) became the final appealable decision of the Board on August 9, 1994, when the full Board denied Mr. Bumagat's petition for review. We affirm.
 
 
 2
 From 1962 to 1992, Mr. Bumagat was employed in various capacities at the Cubi Point and Subic Bay U.S. Naval Stations, Philippines. As demonstrated by his personnel records, every position held by Mr. Bumagat was related to a nonappropriated fund activity (NAFA). Accordingly, Mr. Bumagat is entitled to a civil service retirement annuity only if (1) his service "involved conducting an arts and crafts, drama, music, library, service club, youth activities, sports, or recreation program (including any outdoor recreation program) for personnel of the armed forces," and (2) he was "an employee subject to [the Civil Service Retirement System (CSRS) ] on the day before the date of the enactment of the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986." 5 U.S.C. Sec. 8332(b)(16) (1988).
 
 
 3
 Mr. Bumagat's principal contentions on appeal are that his positions were not related to NAFAs and his employment in an "indefinite appointment" qualifies for coverage under the CSRS. Mr. Bumagat's challenge to 5 C.F.R. Sec. 831.201(a)(13) (1994), which excludes from CSRS coverage "[e]mployees serving under nonpermanent appointments, designated as indefinite," raises the same issue presently before this court in Rosete v. Office of Personnel Management, No. 94-3342 (Fed.Cir. filed May 6, 1994).
 
 
 4
 We need not reach the Rosete issue, however, because Mr. Bumagat does not contend that his service involved one of the activities listed in the first of the two requirements of Sec. 8332(b)(16). Even if employment under "indefinite appointment" could qualify for CSRS coverage, Mr. Bumagat's service would have to satisfy the first element of Sec. 8332(b)(16), which it does not. We therefore affirm the Board's decision.